UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

RICARDO HINES,

                                Plaintiff,

-against-

THE CITY OF NEW YORK; POLICE OFFICER JOHN FAHIM, Shield No. 31415; JOHN and JANE DOE 2 – 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                Defendants.
------------------------------------------------------------------x

COMPLAINT

Index No.

JURY TRIAL DEMANDED




## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution of the United States.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Ricardo Hines ("Mr. Hines"), an African-American male, is a resident of Bronx County in the City and State of New York.

7. Defendant the City of New York is a municipal organization organized under the laws of the State of New York. It operates the New York City Police Department ("NYPD"), a department or agency of defendant The City of New York. The NYPD is responsible for the appointment, training, supervision, promotion, and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer John Fahim ("Fahim"), Shield No. 31415, at all times relevant herein, was an officer, employee, and agent of the NYPD. He is sued in his individual and official capacities.

9. At all times relevant herein, defendants John and Jane Doe 2 through 10 were police officers, detectives, or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 2 through 10. Defendant John and Jane Doe 3 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting as agents, servants, and employees of defendant The City of New York and the NYPD.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. On April 7, 2011, at approximately 6:40 a.m., Mr. Hines was lawfully standing on the sidewalk located at Richmond Terrace between North Street and Faber Street in Staten Island, New York, waiting for a bus.

13. As Mr. Hines stood on the sidewalk, two vehicles drove up onto the sidewalk toward and close to Mr. Hines.

14. One of the vehicles was a 2009 Ford vehicle owned by the New York City Police Department with license plate number "EMF8341" (hereinafter "Vehicle #1").

15. At all times herein mentioned, Vehicle #1 was operated by Fahim.

16. Upon seeing the vehicles driving toward him on the sidewalk, Mr. Hines jumped back to prevent the vehicles from striking him.

17. Fahim, purposefully and with the intent to use the vehicle to subdue Mr. Hines to effect his arrest, struck Mr. Hines with Vehicle #1.

18. The individual officers had the opportunity to, but did nothing to prevent Fahim's actions.

19. Fahim's actions were approved by John Doe 10, a supervisor with the NYPD.

20. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was caused to lose consciousness and suffer severe emotional distress, mental anguish, fear, pain, anxiety, a compound comminuted displaced fracture of the right tibia, multiple leg abrasions, a bubble in the skin over the fracture of the right tibia, right shoulder dislocation, comminuted fracture of the greater tuberosity, and other serious permanent injuries.

## FIRST CAUSE OF ACTION
*42 U.S.C. § 1983*

21. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

22. Defendants, by their conduct toward plaintiff as alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

23. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

## SECOND CAUSE OF ACTION
*Excessive Force*

24. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

25. Defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

26. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

## THIRD CAUSE OF ACTION
*Failure to Intervene*

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene and prevent such conduct; and failed to intervene.

29. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

30. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein alleged.

## FOURTH CAUSE OF ACTION
### *Supervisory Liability under 42 U.S.C. § 1983*

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Defendant John Doe 10, an NYPD supervisor, personally caused plaintiff's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise his subordinate employees regarding the adequate and proper use of force needed to apprehend plaintiff.

33. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein alleged.

## FIFTH CAUSE OF ACTION
### *Monell*

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. This is not an isolated incident. Defendant The City of New York, through its policies, customs, and practices, directly caused the constitutional violations suffered by plaintiff.

36. Defendant The City of New York, through the NYPD, has had, and still has, hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

37. Defendant The City of New York, through the NYPD, fails to train its officers on the proper use of force necessary to apprehend suspects.

38. Defendant The City of New York, through the NYPD, on the proper use and operation of motor vehicles, including the use of motor vehicles as weapons.

39. Defendant The City of New York, at all relevant times, was aware that the individual defendants routinely committed constitutional violations such as those at issue here and has failed to change its policies, practices, and customs to stop this behavior.

40. Defendant The City of New York, at all relevant times, was aware that the individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

41. These policies, practices, and customs were the moving force behind plaintiff's injuries.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 25, 2012

_____
GREGORY P. MOUTON, JR. (GM-4379)
The Law Office of Gregory P. Mouton, Jr.
Attorney for Plaintiff
244 5th Avenue, #G247
New York, NY 10001
Phone & Fax: (646) 706-7481

The Law Office of D. Andrew Marshall
Attorney for Plaintiff
225 Broadway, Suite 1804
New York, NY  10007
Phone: (212) 571-3030
Fax: (212) 587-0570