UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RICARDO HINES,

      Plaintiff,           **MEMORANDUM & ORDER**
                      12-CV-3687 (RRM) (VMS)
 - against -

CITY OF NEW YORK; POLICE OFFICER
JOHN FAHIM, Shield #31415; JOHN AND
JANE DOE 2–10, individually and in their
official capacities (the names John and Jane Doe
being fictitious, as the true names are presently
unknown,

      Defendants.
----------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

  Plaintiff, who was initially represented by counsel at the beginning of this case, commenced this action on July 25, 2012. (Doc. No. 1.) In his complaint, plaintiff alleged that he had been subjected to excessive force and false arrest by defendant John Fahim, an officer with the New York City Police Department.[1] (*See id.*) Defendants have since filed two motions to dismiss this action for failure to prosecute by plaintiff. (*See* Doc. Nos. 30, 33.) By an Order dated September 11, 2013, this Court referred defendants' motions to the assigned Magistrate Judge for a Report and Recommendation ("R&R"). On December 16, 2013, Magistrate Judge Vera M. Scanlon issued an R&R recommending that the Court grant the defendants' motion to dismiss for failure to prosecute.[2] (*See* Doc. No. 34.)

---

[1] On January 31, 2013, plaintiff's attorney moved for leave to withdraw. (Doc. No. 27.) At a hearing on the motion held before Magistrate Judge Vera M. Scanlon on February 19, 2013, plaintiff appeared in person and consented to his attorney's withdrawal. (*See* Order dated February 19, 2013.) Plaintiff then proceeded *pro se*.

[2] In light of the fact that defendants had actually filed two motions to dismiss on the same basis, Magistrate Judge Scanlon recommended that this Court grant defendants' later filed motion and deny the earlier motion as moot. (*See* Doc. No. 34 at 7.)

As Magistrate Judge Scanlon reminded the parties, pursuant to Federal Rule of Civil Procedure 72(b), any objections to the R&R were due December 30, 2013. Generally, the Court reviews *de novo* any portion of the R&R to which objections are made. *See also* Fed. R. Civ. P. 72(b)(3); *Cancel v. City of New York*, No. 07-CV-4670 (RRM) (LB), 2012 WL 4364662 (E.D.N.Y. Sept. 24, 2012), *aff'd sub nom. Cancel v. Amakwe*, No. 12-4028-CV, 2013 WL 6800558 (2d Cir. Dec. 26, 2013). As of this date, no objections have been filed. Nevertheless, in recognition of plaintiff's *pro se* status and out of an abundance of caution, the Court has reviewed the R&R *de novo*. Having done so, the Court concurs with and adopts the R&R in its entirety.

A district court "has the power under Fed. R. Civ. P. 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995); *Middleton v. United States*, No. 10-CV-6057 (JFB) (ETB), 2012 WL 394559, at *2 (E.D.N.Y. Feb. 7, 2012). In addition, the Court "has the inherent power to manage its own affairs 'so as to achieve the orderly and expeditious disposition of cases.'" *Denslow v. Coll*, No. 10-CV-0384 (KAM) (LB), 2012 WL 5989848, at *2 (E.D.N.Y. Nov. 29, 2012) (quoting *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009)). When deciding whether to dismiss for a failure to prosecute, the Court must consider several factors, including whether (1) plaintiff's failure to prosecute his case has caused significant delay; (2) plaintiff was given notice that any further delay would result in dismissal; (3) defendants are likely to be prejudiced by further delay; (4) the need to conserve judicial resources is carefully and properly balanced against plaintiff's entitlement to his day in court; and (5) the efficacy of lesser sanctions. *See Lewis*, 564 F.3d at 576 (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).

As set forth by Magistrate Judge Scanlon, for eight months plaintiff has consistently failed to comply with discovery deadlines, appear at scheduled conferences, respond to defendants' motions, or generally facilitate resolution of this case. (*See* Doc. No. 34.) Although the Court accords *pro se* parties wider latitude than represented parties, *pro se* litigants are still "required to inform themselves regarding procedural rules and to comply with them." *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008) (quoting *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995)). Given the circumstances of this case, the Court concludes that the thorough and well-reasoned R&R correctly weighed the factors in *Lewis*, and that dismissal for failure to prosecute is appropriate.

Accordingly, it is hereby **ORDERED** that defendants' motion to dismiss (Doc. No. 33) is granted, defendants' earlier motion to dismiss (Doc. No. 30) is denied as moot, and all of plaintiff's claims are dismissed. The Clerk of Court is directed to close this case.

The Clerk of Court is further directed to transmit a copy of this Memorandum and Order and the accompanying Judgment to plaintiff *pro se* via U.S. Mail

SO ORDERED.

Dated: Brooklyn, New York  
      January 30, 2014

*Roslynn R. Mauskopf*  
_____  
ROSLYNN R. MAUSKOPF  
United States District Judge